```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
DOMINGO OCAMPO VAZQUEZ,                                      :
Individually and on behalf of others similarly               :
situated,                                                    :
                                                             :
                                Plaintiff,                   :
                                                             :
                -against-                                    :
                                                             :
PRIGOS FOOD CORP.,                                           :
doing business as                                            :
Moonstruck Diner, et al.,                                    :
                                                             :
                                Defendants.                  :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2019

19-CV-530 (VSB)
**NOTICE OF INITIAL**
**PRETRIAL CONFERENCE**

VERNON S. BRODERICK, United States District Judge:

      This case, involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., has been assigned to me for all purposes. As part of a pilot program for cases involving claims under the FLSA, this case has been designated by the Clerk of Court for automatic referral under the Court's existing Alternative Dispute Resolution program of mediation.

      The parties are reminded that, in most cases, settlements of claims under the FLSA must be filed publicly and scrutinized by the Court to ensure that they are fair. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) (discussing factors to be considered in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award and addressing whether a FLSA settlement agreement can remain confidential). Further, it is this Court's practice to review all FLSA settlements, including those reached through an accepted Fed. R. Civ. P. 68 offer of judgment and voluntary dismissals without prejudice. In light of that, the event the parties reach a settlement, they could submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See* 900 F. Supp. 2d at 335–36. (Any such letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel, with documentation to support the latter, if appropriate.)

      Separate and apart from the foregoing, it is hereby ORDERED that counsel for all parties appear for an initial pretrial conference on May 10, 2019 at 3:30 p.m. in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

      IT IS FURTHER ORDERED that, by May 6, 2019, the parties submit a joint letter, not to exceed three (3) pages, providing the following information in separate paragraphs:

1. A brief description of the nature of the action and the principal defenses thereto;

2. A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;

3. A brief description of all contemplated and/or outstanding motions;

4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;

5. A brief description of prior mediation and/or settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;

6. The estimated length of trial; and

7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

IT IS FURTHER ORDERED that, by May 6, 2019, the parties jointly submit to the Court a proposed case management plan and scheduling order. A template for the order is available at http://nysd.uscourts.gov/judge/Broderick. The status letter and the proposed case management plan should be filed electronically on ECF, consistent with Section 13.1 of the Court's Electronic Case Filing (ECF) Rules & Instructions, available at http://www.nysd.uscourts.gov/ecf/ecf_rules_080113.pdf.

SO ORDERED.

Dated:   April 30, 2019
         New York, New York

_____
Vernon S. Broderick
United States District Judge