# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

October 11, 2019

**Via Electronic Filing**
The Honorable Judge Vernon S. Broderick
U.S. District Court Southern District of New York
500 Pearl St
New York, NY 10007

Re:   <u>Ocampo Vazquez et al v. Pirgos Food Corp. et al</u>      Index No**. 19-cv-00530-VSB**

Your Honor:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## **BACKGROUND**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

*Certified as a minority-owned business in the State of New York*

Page 2

## SETTLEMENT TERMS

Plaintiff calculates that his maximum wages owed would be $5,654.25 and his maximum recovery including liquidated damages, penalties, and interest, but excludes attorneys' fees and costs would have been $23,759.23. However, Defendants stated that Plaintiff has only worked a few days for them. Therefore, in order to avoid the risks of protracted litigation, the parties have agreed to settle this action for the total sum of $10,000[1].

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes of the length of Plaintiff's employment. Therefore, Plaintiff believes the settlement is reasonable due to the risk of a jury verdict that sides with Defendants.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $3,708.66 which is comprised of (1) 3,145.66 ($563 in costs subtracted from the settlement then divided by three) from the settlement as attorneys' fees and

---

[1] A copy of Plaintiffs' damages chart is attached as Exhibit B.

(2) costs of $563.00 which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  Counsel's lodestar is $2,915 in attorneys' fees and $563 in costs[2], making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

     i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).   Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.   Faillace's work is indicated by the initials "MF."

     ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."

---

[2] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

Page 4

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy


Encls.

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") entered into this _____ day of September 2019, is made by and between Domingo Ocampo Vazquez (the "Plaintiff") on the one hand, and Pirgos Food Corp. (d/b/a Moonstruck Diner), its successors, predecessors, related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, in their representative capacities, (hereinafter, the "Corporation"), John Kapetanos, ("Kapetanos") and Orlando  Coca s/h/a Orlando Doe ("Coca") and said individuals' heirs, executors, administrators, successors, assigns, and attorneys, in their representative capacities, (the Corporation, Kapetanos, and Coca shall be collectively referred to as the "Defendants") on the other hand.

### W I T N E S S E T H:

**WHEREAS,** Plaintiff had been employed by the Corporation;

**WHEREAS,** on or about January 17, 2019, Plaintiff commenced a lawsuit against Defendants in the United States District Court for the Southern District of New York (the, "Court"), with the caption, "Domingo Ocampo Vazquez, Individually and on behalf of others similarly situated, Plaintiff v. Pirgos Food Corp. (d/b/a Moonstruck Diner), John Kapetanos, and Orlando Doe, Defendants," Civil Action Number 19-CV- 00530 (VSB) (the, "Lawsuit");

**WHEREAS,** Defendants timely filed an Answer to the Complaint denying Plaintiff's allegations, and contend that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS,** Plaintiff and Defendants (collectively the "Parties") now desire to resolve all claims, disputes and causes of action which Plaintiff, his heirs, executors, administrators and assigns had, have or may have alleged in the Lawsuit against Defendants;

**NOW, THEREFORE,** in consideration of the mutual covenants and other good and valuable consideration contained herein, the Parties hereby agree as follows:

1.     In exchange for the promises contained in this Agreement, Plaintiff shall receive the sum of TEN THOUSAND ($10,000.00) AND 00/XX DOLLARS (the, "Settlement Sum") subject to receipt by Defendant's counsel of an executed IRS Form W-9 from Plaintiff's counsel, and an executed IRS Form W-9 and IRS Form W-4 from Plaintiff, as well as subject to the Court's dismissal of the Lawsuit with prejudice (the, "Order"), to be paid in six monthly installments as follows:

A.     Within thirty (30) days of the Order, (a) one check in the amount of Seven Hundred Eighty Six Dollars and Forty-Two Cents ($786.42) payable to Plaintiff, which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Seven Hundred Eighty Six Dollars and Forty-Two Cents ($786.42) payable to Plaintiff, which amount will not be reduced by withholding or payroll deductions; and (c) one check in the amount of Nine Hundred Twenty Seven Dollars and Sixteen Cents ($927.16) payable to plaintiff's attorney, Michael Faillace & Associates, P.C.

B.     Within sixty (60) business days of the Order, and continuing monthly thereafter for four additional months until the full Settlement Sum is paid, (a) one check in the amount of Four Hundred Seventy-One Dollars and Eighty-Five Cents ($471.85) payable to Plaintiff, which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Four Hundred Seventy-One Dollars and Eighty-Five Cents ($471.85) payable to Plaintiff, which amount will not be reduced by withholding or payroll deductions;  and (c) one check in the amount of Five Hundred Fifty-Six Dollars and Thirty Cents ($556.30) payable to plaintiff's attorney, Michael Faillace & Associates, P.C.

C.    All checks will be sent to Plaintiff's attorney, Michael Faillace, Esq., at the office of Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165 so as to be received prior to the date set forth in paragraph A, above.

D.    Although the parties believe, in good faith, that the tax treatment of the Settlement Sum referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that the Plaintiff and/or any Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to Plaintiff's receipt of the Settlement Sum set forth in this Agreement, or liable for interest or penalties related thereto, then Plaintiff agrees to hold Defendants harmless for any such liability. Nevertheless, Plaintiff shall not be liable for the Defendants' portion of any payroll withholding.

E.    Should the Court not approve the Order, the Parties agree that this Agreement shall be void and of no further effect, and they further agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on July 11, 2019.

F. Concurrently with the execution of this Agreement, Defendants John Kapetanos, Orlando Coca and the Corporation, shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff's counsel within ten days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10)

business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Arthur H. Forman, Esq. at 98-20 Metropolitan Avenue, Forest Hills, New York 11375. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.    The consideration set forth in Paragraph 1 hereof is in complete settlement of any and all demands or claims which Plaintiff asserted in the Lawsuit against John Kapetanos, Orlando Coca and the Corporation, including attorney fees. Plaintiff hereby specifically acknowledges that this Agreement, and the Settlement Sum received by Plaintiff and referenced herein, is a fair and reasonable resolution of a *bona fide* dispute over the provisions of the Fair Labor Standards Act, the New York Labor Law, and the New York City Administrative Code, for wages paid, time worked and/or other related wage claims.

3.    For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees to dismiss with prejudice, or cause to be dismissed with prejudice, the Lawsuit. Plaintiff and Defendants expressly authorize their respective Counsel to execute the Stipulation of Dismissal with Prejudice, annexed hereto as Exhibit "A" and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit with prejudice.  If the Court declines to retain jurisdiction over this matter for purposes of enforcing the terms of this Agreement, such event shall not, nevertheless, effect the validity of this Agreement.

4.    In consideration of the Settlement Sum referred to in Paragraph 1 hereof, Plaintiff for himself and his heirs, successors and assigns, in their capacity as such, hereby promises and represents that, other than the aforesaid Lawsuit, he has not, and shall not, commence any administrative or judicial lawsuit or proceeding seeking unpaid minimum wages, overtime, or other wage claims as alleged or which could have been alleged in the Lawsuit against John Kapetanos, Orlando Coca or the Corporation and its subsidiaries, affiliates, officers, trustees, board members and directors, (whether in their individual or

representative capacity) partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, in official capacities (hereinafter collectively referred to as "Releasees"), and Plaintiff hereby releases and discharges Releasees from, and hold them harmless against, any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims which he now has under any federal, state, or local statute or regulation including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, New York Labor Law ("NYLL") §§ 650 *et seq.*, and the New York State Department of Labor Hospitality Industry Wage Order, promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and codified as Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State (12 NYCRR 146). In the event Plaintiff voluntarily or knowingly institutes, or becomes a party to, or is a member of a class that institutes any such action, such claims shall be dismissed, or class membership terminated immediately upon presentation of this Agreement, and Plaintiff shall reimburse Releasees for all legal fees and expenses incurred in defending such claims instituted by him or with his consent or ratification, and in obtaining dismissal thereof.

5.       The Parties agree that, in an action arising from any alleged breach of this Agreement, in addition to any remedies available to the Parties in law or equity for a breach thereof, the prevailing party shall be entitled to receive reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any such action(s).

6.       The Parties recognize and agree that the making of this Agreement is not intended to and does not constitute or imply, nor shall it be construed as, an admission of (i) liability or wrongdoing by Defendants and/or Releasees, or (ii) any violation of any federal, state or local statute, regulation or ordinance, or of any other right of Plaintiff, upon any legal or equitable theory, whether contractual, common-law, statutory or otherwise.

7.     As a result of this settlement, Plaintiff admits and affirms that: (i) he has had an opportunity to consult his attorney about whether this settlement is reasonable and fully satisfies his claims against Defendants; (ii)  he has no other outstanding lawsuits or claims against Defendants, other than the action brought in the United States District Court, Southern District of New York 19-CV- 00530 (VSB); (iii)  this Agreement has been entered into upon an arms-length negotiation by the parties, where Plaintiff through his counsel was provided with wage and hour records relating to Plaintiff's employment and upon review of those records, Plaintiff is willing to enter the terms of this Agreement; and (iv) Plaintiff has entered into this Agreement under his own free will and volition upon consultation with his attorney. Plaintiff further affirms that he has had this settlement agreement read to him by Plaintiff's counsel and/or an employee thereof in his native language.

8.     This Agreement sets forth the entire agreement between the Parties with respect to its subject matter and fully supersedes any and all prior agreements or understandings, if any, between them pertaining to its subject matter.

9.     The provisions of this Agreement are severable. If any of its terms are deemed unenforceable, the remaining provisions shall remain in effect.

10.    This Agreement shall be construed in accordance with the laws of the State of New York without giving effect to principles of conflicts of law.

11.    Any notices or communications required to be given by either party hereunder shall be in writing and shall be sent by certified mail with return receipt requested, by priority mail with electronic confirmation of delivery, by facsimile transmission or by email to the party receiving such communication at the address, fax number or email address specified below:

If to:  John Kapetanos, Orlando Coca:          Arthur H. Forman, Esq.
        or the Corporation                      98-20 Metropolitan Avenue
                                                Forest Hills, New York 11375
                                                Tel:  (718) 268-2616

Email: ahf@ahforman.com

If to:   Domingo Ocampo Vazquez,      Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel:  (212) 317-1200
Email: gnaydenskiy@faillacelaw.com

12.     All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement.  All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendants.

13.     This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

PIRGOS FOOD CORP.

By: _____        _____
      John Kapetanos, Pres.                              Domingo Ocampo Vazquez

_____
      John Kapetanos

_____
      Orlando Coca

Email: ahf@ahforman.com

If to:   Domingo Ocampo Vazquez,        Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel:   (212) 317-1200
Email: gnaydenskiy@faillacelaw.com

12.     All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement.  All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendants.

13.     This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

PIRGOS FOOD CORP.

By: _John Kapetanos_
John Kapetanos, Pres.

_____
Domingo Ocampo Vazquez

_John Kapetanos_
John Kapetanos

_Orlando Coca_
Orlando Coca

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DOMINGO OCAMPO VAZQUEZ,
*individually and on behalf of others similarly
situated,*

            Plaintiff,

        -against-

PIRGOS FOOD CORP. (D/B/A MOONSTRUCK
DINER), JOHN KAPETANOS, and ORLANDO
DOE,

           *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **19-cv-00530-VSB**

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF  Queens  )

    1.     I reside in  Nassau  County.

    2.     Pursuant to the terms of the Settlement Agreement and Release by and between Domingo Ocampo Vazquez (each a "Plaintiff" and collectively, "Plaintiffs") Pirgos Food Corp. (d/b/a Moonstruck Diner), John Kapetanos, and, Orlando Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I John Kapetanos hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Ocampo for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

    3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff Ocampo under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $10,000.00 to Plaintiff Ocampo. The amount of this affidavit of confession of judgment represents the settlement amount of $10,000.00 plus liquidated damages of $20,000.

    4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, John Kapetanos.

                                             John Kapetanos

Sworn to before me this
_1st_ day of _October_ 2019

_____

Notary Public

EVIE P. EFKARPIDIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01EF4962555
Qualified in Queens County
My Commission Expires Feb. 20, 2022

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

DOMINGO OCAMPO VAZQUEZ,
*individually and on behalf of others similarly
situated*,

              Plaintiff,

       -against-

PIRGOS FOOD CORP. (D/B/A MOONSTRUCK
DINER), JOHN KAPETANOS, and ORLANDO
DOE,

            *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **19-cv-00530-VSB**

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK    )
                  : ss.:
COUNTY OF  Queens  )

1.    I reside in   Nassau   County.

2.    I, John Kapetanos, am the President Pirgos Food Corp. (d/b/a Moonstruck Diner). I am duly authorized to make this affidavit of confession of judgment on behalf of Pirgos Food Corp. (d/b/a Moonstruck Diner).

3.    Pirgos Food Corp. (d/b/a Moonstruck Diner), maintains its principal place of business in New York County at 244 Madison Avenue, New York, NY 10017.

4.    Pursuant to the terms of the Settlement Agreement and Release by and between Domingo Ocampo Vazquez (each a "Plaintiff" and collectively, "Plaintiffs") and Pirgos Food Corp. (d/b/a Moonstruck Diner), John Kapetanos, and, Orlando Doe (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Pirgos Food Corp. (d/b/a Moonstruck Diner) in favor of Plaintiffs for the sum of Thirty Thousand Dollars and No Cents ($30,000.00), less any payments made under the Settlement Agreement.

5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $10,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $10,000.00 plus liquidated damages of $20,000.

6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $30,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Pirgos Food Corp. (d/b/a Moonstruck Diner).

Pirgos Food Corp.

By: _____

John Kapetanos
Title: President

STATE OF  N Y          )
                       : ss.:

On  Oct. 1          , 2019, before me personally came  John Kapetanos , to me known, who, by me duly sworn, did depose and say that deponent resides at  Nassau County, NY         , that deponent is the President of Pirgos Food Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Pirgos Food Corp. and was authorized to do so.

_____
Notary Public

EVIE P. EFKARPIDIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01EF4962555
Qualified in Queens County
My Commission Expires Feb. 20, 2022

# EXHIBIT B

Privileged Settlement Communication                                                                                Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Domingo Ocampo Vazquez | 9/1/2018 | 12/31/2018 | 17 | 44.5 | 3 | $ 7.19 | $ 10.79 | $ 13.00 | $ 19.50 | $ 607.75 | $ 320.00 | $ 287.75 | $ 4,891.75 | $ 4,891.75 |
| | 1/1/2019 | 1/11/2019 | 2 | 44.5 | 3 | $ 7.19 | $ 10.79 | $ 15.00 | $ 22.50 | $ 701.25 | $ 320.00 | $ 381.25 | $ 762.50 | $ 762.50 |
| | | | | | | | | | | | | | $ 5,654.25 | $ 5,654.25 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | TOTAL: | $ 5,654.25 | $ 5,654.25 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | | | | |
| | | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | | | | | | | | |
| | | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL. | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |

1 of 2

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Domingo Ocampo Vazquez | 9/1/2018 | 12/31/2018 | $ 663.00 | $ 663.00 | $ 5,000.00 | $ 5,000.00 | $ 211.36 | $ 28.65 | $ 415.00 | $ 21,764.51 |
| | 1/1/2019 | 1/11/2019 | $ 90.00 | $ 90.00 | | | $ 20.44 | $ 2.41 | | $ 1,727.86 |
| | | | $ 753.00 | $ 753.00 | $ 5,000.00 | $ 5,000.00 | $ 231.80 | $ 31.06 | $ 415.00 | $ 23,492.36 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | $ 753.00 | $ 753.00 | $ 5,000.00 | $ 5,000.00 | $ 231.80 | $ 31.06 | $ 415.00 | $ 23,492.36 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | Filing Date | | 1/17/2019 | | | | | |
| | | | FLSA | | 1/17/2015 | | | | | |
| | | | NYLL | | 1/17/2012 | | | | | |
| | | | Amendment | | 4/9/2011 | | | | | |
| | | | Today | | 4/24/2019 | | | | | |

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Domingo Ocampo Vazquez                                                September 17, 2019

|                |                   |
|----------------|-------------------|
| **Attention:** | File #:  MoonstruckDi |
|                | Inv  #:      1172   |

RE:     Ocampo Vazquez et al v. Pirgos Food Corp. et al; 19-cv-00530

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jan-15-19 | Initial consultation with MF | 0.90 | 405.00 | MF |
| Jan-16-19 | Reviewed and corrected complaint | 1.50 | 675.00 | MF |
| Apr-18-19 | telephone conference with meidator | 0.20 | 70.00 | GN |
| Apr-23-19 | travel to court | 0.40 | 140.00 | GN |
|  | mediation | 0.40 | 140.00 | GN |
|  | travel from court | 0.40 | 140.00 | GN |
| May-10-19 | conference with B.T. re: telephone cl | 0.00 | 0.00 | MF |
|  | court | 0.80 | 280.00 | GN |
|  | travel to court | 0.30 | 0.00 | GN |
|  | travel from court | 0.40 | 0.00 | GN |
|  | reseach defendants | 0.30 | 105.00 | GN |
| May-13-19 | review def letter | 0.20 | 70.00 | GN |
| May-17-19 | reply to Def email | 0.10 | 35.00 | GN |

|            |                                                                         |      |          |    |
|------------|-------------------------------------------------------------------------|------|----------|----|
|            | review 26a, rog and doc requests                                        | 0.10 | 35.00    | GN |
|            | Prepared Initial Disclosures                                            | 0.25 | 25.00    | PL |
| Jun-07-19  | email w/ def attorney                                                   | 0.10 | 35.00    | GN |
|            | email w/ def attorney                                                   | 0.10 | 35.00    | GN |
|            | email w def attorney                                                    | 0.10 | 35.00    | GN |
|            | Called Client to Update him on Settlement Options/ Amounts              | 0.20 | 20.00    | PL |
| Jun-10-19  | Prepared Plaintiffs Discovery Responses to Defense Counsels Discovery Demands | 0.75 | 75.00 | PL |
| Jul-11-19  | email w/ def attorney                                                   | 0.10 | 35.00    | GN |
| Jul-16-19  | review def ltr                                                          | 0.10 | 35.00    | GN |
| Jul-25-19  | review and revise def draft agreement                                   | 0.80 | 280.00   | GN |
| Jul-26-19  | review and edit confession of judgments for sett                        | 0.20 | 70.00    | GN |
| Aug-21-19  | review def email and email pl                                           | 0.10 | 35.00    | GN |
| Aug-27-19  | edit revised sett agreement                                             | 0.40 | 140.00   | GN |
|            | Totals                                                                  | 9.20 | $2,915.00 |    |

**DISBURSEMENTS**

|           |                                        |          |
|-----------|----------------------------------------|----------|
|           | Filing Fee                             | 400.00   |
| Jan-25-19 | Process Server: Pirgos Food Corp.      | 63.00    |
|           | Process Server: John Kapetanos         | 50.00    |
|           | Process Server: Orlando Doe            | 50.00    |
|           | Totals                                 | $563.00  |

|                                    |            |
|------------------------------------|------------|
| **Total Fee & Disbursements**      | **$3,478.00** |
| **Balance Now Due**                | **$3,478.00** |