UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGO OCAMPO VAZQUEZ,

                          Plaintiff,

            -against-

PIRGOS FOOD CORP. d/b/a MOONSTRUCK
DINER, et al.,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/19

19-CV-530 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed the parties' Joint Motion for Settlement dated October 11, 2019 (Dkt. No. 35), seeking approval of their fully-executed Settlement Agreement and Release of Claims (Agreement) (Joint Mot. Ex. A) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Pirgos Food Corp. d/b/a Moonstruck Diner, John Kapetanos, and Orlando Doe to pay $10,000 to plaintiff Domingo Ocampo Vazquez, in full settlement of plaintiff's claims, including wage claims brought pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. ¶¶ 1-2. Of this amount, $3,708.66 will be paid to plaintiff's counsel in attorney's fees and costs. *See* Joint Mot. at 2. The settlement consideration will be paid in six installments, with the attorney's fees and costs paid "proportionally" out of each installment. Ag. ¶ 1(A)-(B).

The Agreement includes a one-way release, limited to wage and hour claims, whereby plaintiff:

> [H]ereby releases and discharges Releasees from, and hold them harmless against, any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims which he now has under any federal, state, or local statute or regulation including the [FLSA], [NYLL], and the New York State Department of Labor Hospitality Industry Wage Order, promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and codified as Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State (12 NYCRR 146).

Ag. ¶ 4. The Agreement defines "Releasees" to mean "John Kapetanos, Orlando Coca or the Corporation and its subsidiaries, affiliates, officers, trustees, board members and directors, (whether in their individual or representative capacity) partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, in official capacities." Ag. ¶ 4.[1]

The Agreement does not contain a confidentiality clause, nor a non-disparagement provision. There is a severability clause, which permits the Court to reform or discard any provision found to be unenforceable without affecting the validity of the remaining provisions. Ag. ¶ 9.

The Court concludes that the economic terms of the Agreement, including the fee award, are fair and reasonable as required by *Cheeks*, 796 F.3d at 206. Plaintiff worked for defendants as a delivery person and in other roles at the Moonstruck Diner from September 2018 until about January 11, 2019. Compl. (Dkt. No. 1) ¶ 19. Plaintiff represents that "his maximum wages owed would be $5,654.25 and his maximum recovery including liquidated damages, penalties, and interest, but exclud[ing] attorneys' fees and costs would have been $23,759.23." Joint Mot. at 2. The attorney's fee award is also fair. Plaintiff's attorneys will receive $3,708.66 in fees and costs, of which $563 will reimburse them for costs, leaving $3,145.66 for their attorneys' fee award. That sum represents approximately 33% of the net settlement payment of $9,437 (gross settlement payment less costs), which is within the range ordinarily approved in this district. *See Martinez v.*

---

[1] The "Corporation" is in turn defined as "Pirgos Food Corp. (d/b/a Moonstruck Diner), its successors, predecessors, related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, in their representative capacities." Ag. at 1.

*SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs"). I have also reviewed counsel's time records, which show a lodestar of $2,915. Joint Mot. Ex. B. These records do not call into question the reasonableness of the requested fee award.

The non-economic terms of the Agreement are also fair and reasonable under the *Cheeks* standard, with one exceptions: the release. *Cheeks* warned about abusive settlements containing "an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" 796 F.3d at 206 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). In this case, the release is substantively narrow, only releasing "claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims." Ag. ¶ 4. Thus, there is no risk that the plaintiff is unintentionally releasing claims other than wage and hour claims. However, when combined with the broad definition of "Releasees," the release – read literally – would have the undoubtedly unintended effect of releasing any wage and hour claims that plaintiff had against a wide range of unidentified individuals and business, even if those claims were unrelated to his work at the Moonstruck Diner. *See Garcia v. Good for Life by 81, Inc.*, 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018) (declining to approve an FLSA settlement agreement where plaintiffs released all persons and entitles "related [to] or affiliated"

3

with defendants, including otherwise undefined "family members," as well as all of the affiliates' employees).[2]

The Court presumes that the goal of the parties here was more modest, and that their intention was that plaintiff would release (i) all of the named defendants; (ii) Pirgos Food Corp. d/b/a Moonstruck Diner's subsidiaries and affiliates, if any; and (iii) Pirgos Food Corp. d/b/a Moonstruck Diner's current and former officers, trustees, board members and directors, partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, *in their capacities as such.*

On that understanding – and relying if necessary on ¶ 9 of the Agreement to conform the definition of "Releasees" to the language set out above for purposes of the release in ¶ 4 – the Court finds the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d 199. It is hereby ORDERED that this action is DISMISSED with prejudice and without costs.

The Clerk of the Court is directed to close the case.

Dated: New York, New York
        October 24, 2019

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] By way of example, plaintiff in this case could be deemed to have released wage and hour claims against an employer for whom he worked after he left Moonstruck Diner – in a wholly different business – if that employer happened to have formerly been an officer, trustee, board member, or director of Moonstruck Diner.